1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13cr158-LAB |
| Plaintiff, | REPORT AND RECOMMENDATION RE: VOUCHER NO. 0974.0017748 |
| v. | |
| MARIA CARATACHEA, | |
| Defendant. | |

This Report and Recommendation is submitted to United States District Judge Larry Burns pursuant to 28 U.S.C. § 636(b)(1).  For the reasons stated below, the Court the recommends the report be adopted.

Attorney Lisa Baughman has submitted vouchers for payment for services rendered to defendant Maria Caratachea in Criminal Case Nos. 12cr4556 and 13cr158.  Both cases were felonies regarding unlawful transportation of illegal aliens (one case charged conspiracy, the other the substantive transportation in violation of 8 USC § 1324).  These cases are routine in our court.  Both cases resolved with pleas of guilty without motion practice and without depositions of material witnesses.  The defendant was sentenced in both cases simultaneously on June 3, 2013. Both vouchers were referred to me for review, report and recommendation. As a former federal prosecutor and supervisor and considering my 3.5 years

as a judicial officer, I believe that I have sufficient experience to consider whether the time billed is reasonable.

Upon initial review, it appeared to me that Ms. Baughman had charged an inordinate number of events at .1 hours (6 minutes or $12.50). Many of those events occurred on the same day and were related transactions (e.g., send email to AUSA/read reply email from AUSA/reply to reply mail from AUSA). I met informally with Ms. Baughman and suggested to her that this level of parsing of transactions was not reasonable. It made the vouchers unduly long, difficult to review and resulted in far too much "padding." She agreed to reconsider and resubmit the vouchers. Consequently, I rejected the original vouchers and she later submitted new vouchers.

In 12cr4556, the original voucher claimed $5,604.05. The new voucher claims $4,816.55. In 13cr158, the original voucher claimed $8,647.96. The new voucher claims $8,235.46.

I have reviewed the new vouchers, the case dockets and documents filed by Ms. Baughman in each case. I also obtained the list of vouchers paid by CJA for the year ending October 31, 2013, for cases charging 8 USC § 1324. I eliminated two extremely low vouchers ($180 and $350). The remaining approximately 19 vouchers were averaged. The average voucher paid for this violation in the year ending October 31, 2013, was $2,039 per case. The median was $1,394 for all vouchers during that period.

A. Summary of Recommendations

It is not required that a court conduct an hour-by-hour analysis of a voucher to determine whether the overall amount charged is reasonable considering the case. *See In the Matter of Gerald R. Smith*, 586 F.3d 1169, 1174 (9th Cir. 2009). These cases are routine in our court. In considering these related vouchers, I first examined the inordinate number of .1 (6

minute) transactions entered and I find that they resulted in a substantially bloated bill. Reducing each 6 minute charge to 1 minute, as recommended herein, eliminates some but not all of the bloat caused by the these entries.

Next, I considered whether the cases presented any unique complexity justifying the extent to which the vouchers do not conform to the average. In other words, even if these cases entirely were separate, the total voucher normally should be within shouting distance of approximately $2,000 each unless the cases required unusual effort. In that regard, as provided below, I reviewed the furlough motions, the motion and application for a psychiatric examination, the sentencing memoranda and the objections to the Pre-Sentence Report ("PSR") which were filed. Applying the recommended reductions to the .1 charges and to the reviewed substantive work, the voucher submitted in 12cr4556 would be reduced to a total of $3,405.00. In 13cr158, the voucher would be reduced to a total of $4,684.50.

These amounts still exceed the average voucher for this type of case. And, considering that the cases were joined and the issues addressed pertained to both without distinction, the adjusted total of $8,089.50 for what essentially was one case remains excessive and unreasonable. The vouchers also contain a large number of other small entries (.2 hours). A cursory review of these entries leads to the conclusion that the vouchers also are bloated by these entries.

It is my recommendation that each voucher be reduced to $2,500 resulting in a payment of a total of $5,000 to Ms. Baughman. This payment compensates for the reasonable expenditure of time in these cases.

B. <u>Detailed Review</u>

    1. <u>Transactions billed at .1 hours</u>

        In 12cr4556, Ms. Baughman billed for approximately 101

transactions at .1 hours.    The amount billed for these transactions is approximately $1,262.50.     In 13cr158, Ms. Baughman billed for approximately 194 transactions at .1 hours.    The amount billed for these transactions is approximately $2,425.00.    The transactions in each case include accessing ECF, conversations with court personnel regarding scheduling, drafting emails to the court's email account to submit proposed orders, repeated telephone calls to Assistant U. S. Attorneys, sending faxes, emails to assorted persons, and telephone calls with members of defendant's family.    It is not likely nor reasonable that these mundane tasks actually consumed nearly 30 hours in these cases.    It is more likely, although perhaps still generous, that each event consumed about  one minute, more or less.    But, since the minimum billing for any event is .1 hours (6 minutes), the vouchers are severely bloated by parsing each event into its smallest part and presenting each as a 6 minute charge.

Ms. Baughman has suggested that this method of billing is appropriate and is common in the private practice of law.    It is correct that attorneys engaged in the private practice of law track their time in this manner.    Whether private lawyers ultimately bill their clients for that time is another matter.    Regardless, it is within a court's discretion to determine whether the time expended and claimed was reasonable. *See In the Matter of Gerald R. Smith*, 586 F.3d 1169, 1175 (9th Cir. 2009).

I recommend that the voucher in each case for the hundreds of 6 minute minimum transactions be reduced to 1 minute for each transaction. Accordingly, in 12cr4556, the claimed amount of time for these tasks should be reduced to 1.7 hours rather than 10.1 hours billed and the cost to CJA should be $212.50.    I recommend that the voucher in 12cr4556 be reduced by $1,050.00 overall on this basis.

Applying the same analysis and result to the voucher in 13cr158, the

claimed amount of time for these mundane tasks should be reduced from 19.4 hours to 3.3 hours. I recommend that the voucher in 13cr158 be reduced overall by $2,012.50 on this basis.

Even with these reductions, it strains credulity that five hours was expended in these cases for the mundane tasks reported. The vouchers remain unreasonably bloated just because of the sheer number of .1 transactions. I recommend that our Court consider adopting a policy expressly prohibiting this practice.

2. <u>Substantive Work</u>

Much of the work in each case overlapped. Virtually identical sentencing memoranda and objections to the pre-sentence reports were filed in each case. A complicating factor requiring some additional effort by Ms. Baughman was the fact that the defendant's mother became terminally ill and died while these cases were pending. Ms. Baughman successfully applied for temporary furloughs for the defendant to visit her mother once in hospice and to attend the funeral. Another complicating factor requiring some additional effort from Ms. Baughman was her reliance on battered woman syndrome in an effort to explain her client's behavior. The question remains, however, whether the time billed on these matters was reasonable.

a. <u>Furlough to Visit Mother</u>

On March 8, 2013, the defendant was ordered released by the Magistrate Judges in each case for three days to allow her to visit with her terminally ill mother. There were more than 30 individual transactions entered in connection with this issue in both cases. Excluding court time and numerous, mundane .1 transactions (as to which, as discussed earlier, the Court is allowing 1 minute for each), in 12cr4556, beginning on March 5, Ms. Baughman claims the following:

| | |
|---|---|
| 3/5/13 - Draft proposed order, application, order to seal, application to seal, declaration in support of sealing | .5 |
| - Deliver application to AUSA | .2 |

In 13cr158, the following non-court, non-.1 transactions were claimed regarding the furlough to visit her mother:

| | |
|---|---|
| 2/22/13 - Draft declaration to application for furlough | .5 |
| - Telephone call with client's daughter re grandmother's cancer | .3 |
| 2/25/13 - Revise furlough documents | .3 |
| 3/1/13 - Draft docs for furlough request | 1.8 |
| - Research temporary furlough | 1.3 |
| - Deliver application to Dembin Chambers | .4 |
| - Telephone call with AUSA re furlough | .2 |
| - Draft declaration in support of furlough request | .2 |

Ms. Baughman claimed a total, for both cases, of 5.6 hours, again not counting numerous .1 transactions, to prepare for and file the request for furlough. I believe this to be unreasonable, particularly the time spent delivering documents and the amount of time spent on researching and drafting. I have reviewed the sealed files in each case and recommend that 2.5 hours be allowed as reasonable on this endeavor and that the the voucher in 13cr158 be reduced by $387.50.

      b.  <u>Motion to Continue Sentencing and Consolidate for Sentencing</u>

The defendant was first arrested in 12cr4556 and entered into a diversion agreement (deferred entry of judgment) with the Government. While on diversion, the defendant was re-arrested in the case that became 13cr158. Following her new arrest, the defendant was terminated from diversion. Ms. Baughman was appointed to represent the defendant in the

new case and, following the termination of diversion, was substituted for the diversion attorney in 12cr4556. On March 19, 2013, Ms. Baughman filed a motion in 12cr4556 to continue the sentencing hearing in that case and have sentencing in both cases occur together on May 6, 2013. (ECF No. 43). The motion is two pages and is entirely routine.

Although no motion to continue was filed in 13cr158 regarding this particular continuance, there are 11 related transactions entered. Most are of the .1 variety for various email and telephone exchanges with an AUSA. The voucher includes:

| | |
|---|---|
| 3/9/13 - Draft email to AUSA re continue sentence | .2 |
| 3/11/13 - Tel call with AUSA to correct email address | .1 |
|       - Draft email to AUSA re sentencing both cases | .1 |
| 3/13/13 - Draft Joint Motion to Continue sentencing | .2 |
|       - tel calls to AUSA, email to CRD re joint request | .2 |
|       - tel call with AUSA re efile | .1 |
|       - Draft order granting motion to continue | .1 |
|       - Draft proof of service re motion | .1 |
|       - Tel call with AUSA re continuance | .1 |
|       - Tel call with AUSA re advising J. Burns | .1 |
|       - Voice mail to AUSA | .1 |

Giving full value to the .1 transactions, it appears that 1 hour and 24 minutes was charged for a motion not filed in this case. In the other case, 12cr4556, Ms. Baughman vouchered the following regarding the motion to continue:

| | |
|---|---|
| 3/18/13 - Revise joint motion to continue | .2 |
| 3/19/13 - efile joint motion to continue | .1 |
|       - review efiled motion | .1 |
|       - email to J. Burns chambers with order | .1 |

1    3/20/13 - tel call with J. Burns CRD re hearing                         .1

2    3/21/13 - review efiled order on ECF                                    .1

3    Giving full value to the .1 transactions, an additional 42 minutes was

4    charged in 12cr4556 regarding the same motion.   In total, then, Ms.

5    Baughman claims 2 hours and 6 minutes in connection with this routine

6    motion. Adjusting the .1 transactions, as discussed earlier, from 6 minutes

7    to 1 minute, the total charged for this motion is 61 minutes (48 minutes for

8    the .2 transactions and 13 minutes at 1 minute each for the .1

9    transactions). It appears that 30 minutes is a far more reasonable charge

10   for the work expended. As the motion was filed in 12cr4556, I recommend

11   that that voucher be further reduced by $62.50.

12                    c.     Motion for Furlough to Attend Funeral

13   Following the death of the defendant's mother, Ms. Baughman moved

14   to have the defendant furloughed to attend the funeral.  The claims were

15   vouchered in both cases beginning on March 22 (13cr158) and March 25

16   (12cr4556).   In 12cr4556, there were 32 transactions entered, 4 at no

17   charge, 22 at .1 and 6 greater than .1. Of the six greater than .1, there was

18   a charge of .2 to send and receive emails and have a telephone call with the

19   AUSA regarding the motion; .2 to draft the application; .2 to draft the

20   proposed order; .4 to draft the declaration; .2 for emails with GEO; and, .3

21   to revise the declaration.

22   In 13cr 158, there are 20 transactions entered in connection with this

23   motion.  Of those, 2 are no charge and 18 charged at .1.

24   As discussed above, I recommend allowing 1 minute for each .1

25   transaction. Accordingly, 40 minutes is allowed for those transactions.  I

26   have reviewed the motion and supporting documents filed. The motion was

27   2 pages. The declaration was 3 pages plus 4 pages of exhibits (and 2 cover

28   sheets). There were two citations to Bureau of Prison regulations, and one

citation to Title 18.  The motion and declaration were not complex.  In addition to the 40 minutes allowed for the .1 transactions, Ms. Baughman claimed another 1 hour and 30 minutes for a total of 2 hours and 10 minutes.  The reasonable charge, I believe, is a total of 1 hour and 30 minutes.  I recommend that the voucher in 13cr158 be reduced by an additional $75.00.

d.   <u>Motion to Continue Sentencing (sealed)</u>

After the cases were consolidated for sentencing, Ms. Baughman filed a motion to continue the sentencing hearings.  (ECF No. 53 (13cr158) and ECF No. 49 (12cr4556)).  A declaration in support was filed under seal and is based upon the application to have her client subjected to a psychiatric examination .  In addition, a related request for additional CJA funding also was filed under seal.

Regarding the actual motion, there are 8 relevant claims in the voucher for 13cr158 beginning on 4/10/13 and continuing to 4/18/13.  Five entries are of the .1 variety.  In addition, there is a claim for 1.3 hours to draft the joint motion and declaration, .3 to revise the motion and .4 to deliver the documents to the clerk's office.

In 12cr4556, the entries related to this motion also start on 4/10/13 and consists of approximately 14 entries.  These claims appear to relate to the application for the psychiatric evaluation.  Eleven are of the .1 variety.  In addition, 1.1 hours are claimed to draft the application, 1.1 hours to revise the declaration, .2 to revise the declaration, .2 to revise the application, .2 to revise the proposed order, and .4 to deliver the package to chambers.

I have reviewed the sealed files and find these claims excessive and unreasonable.  The motion to continue and related declaration in 13cr158 are non-complex and routine.  The application for the psychiatric

1   examination and CJA funding in 12cr4556 similarly is non-complex and

2   routine. I recommend that the claim of 2 hours for the motion and

3   declaration should be reduced to 1 hour. The claim of 2.8 hours for the

4   application similarly is excessive and unreasonable. I recommend that that

5   claim be reduced to 1 hour.

6         Accordingly, I recommend that the voucher in 13cr158, in addition to

7   the reductions applied to the .1 charges across the board, be further

8   reduced by $125.00. Regarding the voucher in 12cr4556, I recommend a

9   further reduction of $225.00.

10               e.   <u>Sentencing Memorandum</u>

11         Ms. Baughman filed virtually identical sentencing memoranda in each

12   case. The memoranda were 15 pages in length and had 46 pages of

13   attachments. The focus of her argument was her client's history of being

14   the victim of domestic abuse. (*See* ECF No. 61 in 12cr4556 and ECF No. 69

15   in 13cr158).

16         Most of the billing was split between the two cases. In total, again not

17   counting the numerous .1 transactions, Ms. Baughman billed

18   approximately 10.9 hours ($1362.50) for creating, packaging and filing the

19   sentencing memoranda. Although the sentencing memoranda were well

20   written and researched and addressed an unusual area, 11 hours is just not

21   reasonable billing for a lawyer of Ms. Baughman's experience. Instead, a

22   range of between 4 and 7 hours appears reasonable. Settling on 5 hours,

23   it is recommended that the voucher is 13cr158 be reduced by $737.50.

24               f.   <u>Objections to Pre-sentence Report</u>

25         Ms. Baughman also filed objections to the single PSR filed in both

26   cases. The objections were 9 pages long and mostly consisted of a

27   boilerplate legal argument that the Court could not consider statements

28   made by defendant or co-defendant to the arresting officers because those

1  statements were not proven or admitted by the defendant.  The objections
2  also challenged the Probation Officer's recommendation against a
3  downward adjustment for acceptance of responsibility.  (ECF No. 58 in
4  12cr4556 and ECF No. 66 in 13cr158).

5       In addition to some .1 entries, Ms. Baughman claims a total of 3 hours
6  for the objections to the PSR over both cases.  I recommend that a
7  reasonable charge for the time expended is 1.5 hours.  Accordingly, it is
8  recommended that the voucher in 13cr158 be reduced by an additional
9  $187.50.

10  C.   Conclusion

11       For the foregoing reasons, it is recommended that the vouchers
12  submitted in 13cr158 and 12cr4556 be reduced to a total of $2,500 for each
13  voucher, resulting in a payment to Ms. Baughman of $5,000 for both cases.

14

15  DATED:  October 16, 2014

16

17                              Hon. Mitchell D. Dembin
                                U.S. Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28